52 CCPA
**POLAROID CORPORATION, Appellant,**

v.

**RICHARD MANUFACTURING COMPANY, Appellee.**

**Patent Appeal No. 7248.**

United States Court of Customs and Patent Appeals.

Feb. 11, 1965.

Donald L. Brown, Cambridge, Mass., for appellant.

Munson H. Lane, Conder C. Henry, Washington, D. C., for appellee.

Before WORLEY, Chief Judge, and RICH, MARTIN, SMITH, and ALMOND, Judges.

ALMOND, Judge.

Polaroid Corporation appeals from the decision of the Trademark Trial and Appeal Board, 137 USPQ 488, dismissing its opposition to application [1] of Richard

1. Serial No. 107,508, filed October 31, 1960.

Manufacturing Company for registration of the mark "POLY-VUE" for filmstrip or slidefilm projectors.

Evidence on behalf of each party was stipulated. The relevant facts as found by the board and supported by the record are substantially as follows:

Continuously since September 1937 appellant has used the word "POLAROID" as the distinguishing feature of its name and as a trademark for all of its numerous products. Since prior to appellee's date of first use, appellant has used "POLAROID" as a trademark on slidefilm projectors and various other photographic products, all of which are sold in containers bearing the mark "POLAROID." These products are used in many fields of visual communication such as classroom instruction, sales presentations and related areas of service. The products are sold to educational institutions, industry, governmental agencies and to the using public in all fifty states directly and through approximately twelve thousand wholesale and retail outlets. Total sales volume of "POLAROID" products increased from a sum in excess of $26 million in 1955 to more than $100 million in 1961 with approximately ninety percent of these amounts attributable to sales of photographic material. Appellant's photographic products have been extensively advertised on a nationwide basis by means of television, magazines, direct mailings to dealers and users, and by other promotional media.

In addition to the use of "POLAROID," appellant has used the mark "POLACOLOR" for motion picture color prints since 1947 and the marks "POLA-PAN," "POLA-LINE," "POLAPAK," and "POLACHROME" for substantially similar goods, such as sensitized photographic film and papers.[2] These latter marks have been used and promoted in association with the principal mark "POLAROID" with substantial sales of the products sold thereunder.

Appellee is the owner of the registered mark "POLY-CONS" for containers for processed film and other uses.[3] Since September 6, 1960 it has continuously used "POLY-VUE" as a trademark for projectors of filmstrip still pictures, which are stored in cylindrical containers such as those sold under the mark "POLY-CONS." The pictures are of individual scenes printed on a common strip of film as distinguished from individually mounted slides. The projectors are used principally in audio-visual instruction, teaching and related uses. "POLY-CONS" containers and "POLY-VUE" projectors have been advertised on a nationwide scale since June 1956 and June 1961, respectively. In its advertising program appellee has used such media as brochures, direct mail, magazines, papers and trade publications directed to industrial, religious and educational fields, some of which were also utilized by appellant for advertising its goods. Appellee's outlet for its product is through approximately 150 franchised dealers with substantial sales in the United States and Canada.

The board found, and we agree, that the record clearly establishes that long prior to appellee's use of either "POLY-CONS" or "POLY-VUE" appellant and its various products had become well known and identified by its name and the mark "POLAROID," and that appellant's use of the marks "POLACOLOR," "POLA-LINE," "POLAPAK" and "POLACHROME" antedates appellee's use of "POLY-VUE."

The board further found, and we agree, that the record clearly supports the finding and conclusion that the parties market under their respective marks closely related goods through the same channels of trade to the same classes of purchasers; that they utilize some of the same advertising media and that

2. The mark "POLASCOPE" has been used in connection with such goods since September 22, 1961 which is subsequent to appellee's date of first use.

3. Reg. No. 641,925, issued February 26, 1957.

under such circumstances the use of the *same or similar* marks in connection with such goods would be likely to cause purchasers to attribute a common origin thereto.

The board's dismissal of the opposition was predicated on whether or not the mark "POLY-VUE" so resembles "POLAROID" and/or "POLAPAN," "POLACOLOR," "POLA-LINE," "POL-APAK," or "POLACHROME" as to be likely to cause confusion as to the source or origin of the goods on which appellee's mark is used. The board held that considering the marks in their entireties, the mark "POLY-VUE":

> " * * * is so distinctly different from each of the opposer's marks in sound, appearance, and possible connotation, that there is no likelihood as to confusion of origin of the various goods marketed thereunder."

The single issue before us is whether or not appellee's mark "POLY-VUE" so resembles the marks used and relied upon by opposer as to be likely, when applied to appellee's goods, to result in confusion, mistake or deception. A comparison of the competing marks in their entireties convinces us that they present striking and distinguishing dissimilarities. They do not look alike, are not similar in commonly accepted pronunciation and impart separate and distinct connotations. "Polar" is pronounced with a long "o" while "poly" is pronounced with a short "o." One is hyphenated. The other is not. The difference in connotations of the competing marks is so obvious as not to require resort to lexicography. What we have said relating to the contrast between "POLAROID" and "POLY-VUE" bears the same relevance in its application to the other marks on which appellant relies, such as "POLACOLOR," "POLAPAN," "POLA-LINE," "POLA-PAK," and "POLACHROME."

Appellant contends that its use of a group of trademarks all bearing the prefix "pola" upon a wide variety of photographic products has become firmly associated with appellant in the mind of the consuming public and is therefore entitled to a broad degree of protection.

We agree with the board that the evidence fails to establish that appellant has advertised or promoted such marks sufficiently to establish in the mind of the public or in the trade a recognition or awareness that it possesses a "family of marks" identified by the prefix "pola" and that the ownership and registration of a number of marks containing this prefix is not sufficient to create that exclusivity claimed for the prefix "pola," per se, under the theory advanced.

We are familiar with the prior decisions cited by appellant. As has been often said by this court, prior decisions in trademark cases, where the issue is a likelihood of confusion, furnish meager assistance in the resolution of that issue. Each case must be decided on the basis of the factual situation thereby presented.

Finding no reversible error in the decision of the board, we must therefore affirm.

Affirmed.