**COLONY FOODS, INC., Appellant,**

v.

**SAGEMARK, LTD., Appellee.**

**Appeal No. 84–562.**

United States Court of Appeals, Federal Circuit.

May 25, 1984.

John M. Nolan, Patent Atty., Bettendorf, Iowa, argued for appellee.

Before SMITH, Circuit Judge, NICHOLS, Senior Circuit Judge, and NIES, Circuit Judge.

NIES, Circuit Judge.

This appeal is from a decision of the Trademark Trial and Appeal Board dismissing a petition to cancel Registration No. 1,027,607 owned by Sagemark, Ltd., for the mark HUNGRY HOBO for restaurant services, based on asserted likelihood of confusion with marks of Colony Foods, Inc. Colony seeks reversal of this holding, and also of the refusal of the board to allow amendment of its petition for cancellation to raise an issue of abandonment of the HUNGRY HOBO mark. We affirm.

*Background*

Colony Foods, Inc., appellant, filed a petition to cancel Registration No. 1,027,607, issued December 16, 1974, for the mark HUNGRY HOBO for restaurant services, a registration now owned by Sagemark, Ltd. The petition for cancellation alleged that HUNGRY HOBO restaurant services were likely to be attributed to Colony because of likelihood of confusion of that mark with Colony's prior use of a family of HOBO marks. Specifically, Colony relied on ownership of the marks HOBO JOE'S, Registration No. 995,103, issued October 8, 1974, and HOBO JOE'S COFFEE SHOPS and design, Registration No. 859,466 issued October 29, 1968, both for restaurant services; HOBO JOE'S and design, Registration No. 827,137, issued April 11, 1967, for dolls and ceramic coffee mugs; and HOBO JUNCTION, Registration No. 1,030,322, issued January 13, 1976, for restaurant services. The registration for HOBO JUNCTION was cancelled for failure to file a declaration of use under 15 U.S.C. § 1058(a), and Colony no longer relies on rights in this mark. The design associated with some displays of HOBO JOE'S and claimed in the two registrations is a draw-

Darrell L. Olson, Newport Beach, Cal., argued for appellant.

ing of a heavy-set tramp carrying his belongings on a stick over his shoulder.

The evidence on behalf of appellant established that Colony acquired rights in the mark HOBO JOE'S by acquisition of a chain of coffee shops, which had been in operation under that name in Phoenix, Arizona, since 1965. The "hobo" motif has been utilized by Colony in its decor and advertising. Its business has expanded from the eight or nine shops in the Phoenix area to 58 locations primarily in the southwest (including Texas). At least two locations have had cocktail lounges, called HOBO HIDEAWAY and HOBO HANG-OUT, respectively, since prior to Sagemark's date of first use. Colony asserts that its purported family of HOBO marks also includes unregistered names used on menu items, e.g., HOBO STEW, HOBO BOY HAMBURGER, HOBO BURGER, HOBO BUTTERMILK PANCAKES.

Sagemark began use of HUNGRY HOBO for restaurant services in 1974 at which time it was aware of the HOBO JOE'S registration. Sagemark's business has also enjoyed success, expanding from three restaurants in 1974 to seven company-owned and nine franchised restaurants which are located in Illinois and Iowa. After its registration issued, Sagemark discovered a Texas concern was also operating restaurants under the name HUNGRY HOBO, albeit in a territory outside the area in which Sagemark was using the mark, and had rights prior to Sagemark's. These parties resolved the inchoate conflict by an agreement under which the Texas company's rights were recognized in the five-state area comprising Louisiana, Arkansas, Oklahoma, Texas and New Mexico.

The registration sought to be cancelled is for the word mark *per se*. However, the evidence includes displays of HUNGRY HOBO with a slender man in a top hat and patched tuxedo leaning on a cane. Sagemark also introduced four registrations and some evidence of use of third-party marks incorporating the term "hobo" for foods and restaurant services. Colony apparently made some objection to Sagemark in

February 1976 respecting its registration of HUNGRY HOBO, but did nothing more until almost five years later when it filed the subject petition to cancel.

On the issue of likelihood of confusion the board found that the services of the parties were competitive in nature but that the marks were sufficiently different to avoid the confusion of source alleged by Colony.

Late in the cancellation proceeding, Colony sought to amend its petition to assert that Sagemark had abandoned its mark. As grounds for abandonment, Colony put forth the concurrent use agreement entered by Sagemark with the Texas concern as negating Sagemark's right to the unrestricted registration. The board refused to allow the amendment, holding that the issue of abandonment had not been tried by the parties, and that in any event, only the concurrent user could challenge Sagemark's right to a territorially unrestricted registration, citing *Giant Food, Inc. v. Malone & Hyde, Inc.*, 522 F.2d 1386, 187 USPQ 374 (CCPA 1975).

Colony appeals from the decision on the issue of likelihood of confusion and from the board's refusal to accept its motion.

### Analysis

■ Colony contends that the board, in finding no likelihood of confusion, erroneously based its decision on differences in the respective hobo designs or on differences in the motifs of the respective restaurants. Our reading of the board's decision indicates, contrary to Colony's view, that the board properly considered only the marks at issue. While the board noted, as part of its background discussion, that the parties associated their word marks with distinctively different designs, and operated in their own particular styles, neither factor is relied on in the board's analysis of the issue of likelihood of confusion. The specific holding of the board is that:

Comparing the most pertinent of petitioner's marks, "HOBO JOE'S" and "HOBO JOE'S" with a hobo design, with respondent's mark "HUNGRY HOBO",

we note that in each mark the word, "HOBO", plays an important and it may be said, a dominant role. Therefore, resolution of the matter hinges on what, if any, distinction is afforded by the additional matter found in each mark. Comparing them in their entireties, we find petitioner's mark [HOBO JOE'S] to designate a particular person of the itinerant or vagrant persuasion while respondent's mark [HUNGRY HOBO] gives the impression of an anonymous person of that kind in need of a meal. Thus, customers would leave petitioner's restaurants with an image of a particular individual hobo named Joe, as opposed to the concept of an anonymous hobo whose distinguishing characteristic is that he happens to be hungry, as would be the case with respondent's mark. Stated otherwise, the fact that both marks play on the hobo theme is not enough to make confusion likely, in light of the differences in the marks as a whole.

■ Colony also asserts that the board erred in failing to consider Colony's "family" of HOBO marks. That Colony has a number of marks combining HOBO with another word does not establish any rights of Colony in the word HOBO as a "family" name. *Witco Chemical Co. v. Whitfield Chemical Co.*, 418 F.2d 1403, 1406, 164 USPQ 43, 45, 57 CCPA 804, 808 (1969); *Polaroid Corp. v. Richard Mfg. Co.*, 341 F.2d 150, 152, 144 USPQ 419, 420, 52 CCPA 978, 980 (CCPA 1965). Since there is no discernible similarity or pattern in the words combined with HOBO in Colony's marks, Colony's family of marks theory is, in essence, that there is a likelihood of confusion between HUNGRY HOBO and HOBO, *per se*. However, a critical defect in this argument is that Colony failed to establish, for example by a survey, that the term HOBO is used by the public in connection with restaurant services to identify Colony exclusively. Colony cannot fault the board's decision when Colony wholly failed to establish any rights in HOBO, *per se*. *See* J. McCarthy, *Trademarks and Unfair Competition* § 23:19 (1973). Thus, the board's resolution of the claim of likelihood of confusion on the basis of Colony's most similar mark, HOBO JOE'S, was appropriate.

■ With respect to the denial of Colony's motion to add a claim of abandonment based on Sagemark's settlement agreement with a third party, we are unpersuaded that the board abused its discretion in denying the motion which was proffered after the filing of briefs. Rule 15(b) of the Federal Rules of Civil Procedure, made applicable to these proceedings by 37 CFR § 2.116, provides that, when an issue not raised by the pleadings is tried by express or implied consent of the parties, an amendment of the pleadings may be made to conform to the evidence. The board found no trial of the abandonment issue and we agree. The concurrent use agreement with the Texas company came to light in connection with Sagemark's proof of uses of various HOBO combination marks by others for restaurant services. The board reviewed the record and found that nothing in the transcript alerted Sagemark that Colony intended to use the third-party agreement as a ground for cancellation. Our review of the record confirms the board's conclusion.

■ We further agree with the board that, if the pleadings had been amended as proposed (i.e., to assert that Sagemark had abandoned its mark by virtue of the agreement restricting its territorial rights), no ground for *cancellation* would, in any event, have been presented. *See Wallpaper Manufacturers, Ltd. v. Crown Wallcovering Corp.*, 680 F.2d 755, 765, 214 USPQ 327, 335–336 (Fed.Cir.1982) ("Only when all rights of protection are extinguished is there abandonment. * * * [A] mark becomes abandoned only when the mark loses its significance as *an* indication of origin, not the *sole* indication of source."); *American Security Bank v. American Security and Trust Co.*, 571 F.2d 564, 568, 197 USPQ 65, 67 (CCPA 1978) ("Whatever appellant's right to use its name may be—and that is not a question which is before us—appellee's right is,

**1340**

in our judgment, superior to any right of appellant on the only issue we have to consider, namely, appellee's right to register."). That a third party may have a right to restrict Sagemark's registration to certain territory by means of a concurrent use proceeding does not afford *Colony* a right to cancel Sagemark's registration. *Cf. Giant Food, Inc. v. Malone & Hyde, Inc.*, 522 F.2d at 1394, 187 USPQ at 381. Further, Sagemark was unaware of the third party mark at the time it sought registration for its mark so that there is no question of impropriety for failure to disclose a concurrent use in its application.

For the foregoing reasons, the decision of the board is affirmed.

AFFIRMED.